WALTER MAGGAY *vs.* SERGE NIKITKO.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 2d—decided June 5th, 1934.

*Michael V. Blansfield* and *Sidney S. Cassel,* for the appellant (plaintiff).

*Patrick Healey,* for the appellee (defendant).

PER CURIAM. Our opinion on a previous appeal in this case appears in 117 Conn. 206, 167 Atl. 816. The only question now presented relates to the validity of the action of the court upon the motion to set aside the verdict of the jury as excessive.

This appeal is taken from the judgment and is erroneous in form, since the assigned error relates only to the setting aside of the verdict. General Statutes, §§ 5692, 5693; Rules for Appellate Procedure, §§ 3 and 4 as amended. We entertain the appeal, however, as the assignment limiting its scope was filed within two weeks after the decision upon the motion to set the verdict aside. Rules for Appellate Procedure, *supra; Schmidt* v. *Schaub,* 115 Conn. 208, 161 Atl. 98; *Marcil* v. *Merriman & Sons, Inc.,* 115 Conn. 678, 163 Atl. 411.

The obvious difficulty of fixing just compensation in this class of cases has resulted in divergent views in various jurisdictions as to the finality of the jury's verdict, and these are reflected in decisions cited by the appellant. The right and duty of the court, however, to condition the acceptance of the verdict of the jury, or to set it aside, in a proper case, is not an open question in this State. We have held it a correct, and often a desirable action, within the properly exercised discretion of the court.

The evidence which was before the jury in the instant case fully justified a plaintiff's verdict. It also points unmistakably to a serious impairment of the normal conjugal affections between the plaintiff and his wife prior to the acts which are the basis of the present action. The plaintiff had left his wife on three occasions before finally ceasing to live with her in 1926. It is from this time that the acts of the defendant must be dated, owing to the statute of limitations, of six years. The relation of husband and wife as far back as 1921 was described by a daughter as "terrible, fighting about anything and everything," and the wife had him arrested on various occasions. The evidence as a whole shows conclusively that by 1926, the value of the consortium had approached the vanishing point, and an award of $8000 for its loss in 1932 is so obviously excessive as to call for the intervention of the court.

The jury not only had before them the evidence of the acts of the defendant after 1926, but a long succession of similar acts for several years prior to that time, and though correctly instructed that they could only make their award based on a loss of consortium within the statute of limitations, the verdict induces the belief that this warning was misunderstood, or, through prejudice against the defendant, was disre-

garded. The action of the court in these circumstances was wholly justified and is sustained by numerous decisions in this State such as *Doroszka* v. *Lavine,* 111 Conn. 575, 160 Atl. 692, where questions here involved are discussed.

There is no error.