ANNUNZIATA VALENTE *vs.* JOHN B. AFFINITO.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 4th—decided June 14th, 1934.

*Robert J. Woodruff,* for the appellant (plaintiff).

*William J. McKenna,* with whom was *Frank T. Ryder,* for the appellee (defendant).

HAINES, J.   The plaintiff alleged, in substance, that the defendant, on February 26th, 1929, agreed to lend her $5000 at six per cent interest to be secured by a mortgage upon her real estate—a lot and a twelve-family apartment house—and agreed that he would assume the care and management of the property, collect the rentals and pay all taxes, water rates, insurance, city assessments and the interest on prior mortgages and apply the balance on the defendant's mortgage above referred to; that the mortgage was executed and delivered by the plaintiff and the defendant thereupon paid her $2400 of the $5000 agreed upon but did not pay her the balance of $2600; that the defendant assumed the control of the property and collected the rents but did not pay the charges as agreed; that on May 22d, 1929, he began an action of foreclosure against the plaintiff upon the mortgage above described and another mortgage of $5000 held by him upon this property, made January 31st, 1929, in violation of his contract; that the plaintiff has performed all her agreements; that "as a result of said foreclosures" and "as a result of the defendant's actions" the plaintiff had lost her title to and equity in the property.   Defendant entered a general denial and pleaded that the $2600 was expended by him upon the property for the benefit of the plaintiff; that at the time this action was begun the property was not producing income; and that the plaintiff had no equity in the property.   It was specifically denied that the plaintiff lost the property by reason of the foreclosure action brought by the defendant or because of any other action of the defendant.   On this state of the pleadings, the jury gave a verdict for the plaintiff for $10,000

damages, which the court, upon motion, set aside as contrary to the law and the evidence and as excessive.

Though no judgment was ever entered for either party, the plaintiff appealed "from the judgment" and on the same day filed as an assignment of error, that the court erred in granting the defendant's motion to set aside the verdict. This appeal is manifestly improper in form, since the obvious attempt was to raise only the question whether the verdict was properly set aside. The appeal should have been in terms from the setting aside of the verdict. General Statutes, § 5693; *Marcil* v. *Merriman & Sons, Inc.*, 115 Conn. 678, 163 Atl. 411. However, the record shows that the decision setting aside the verdict was filed November 23d and the reasons of appeal on December 5th and within the two weeks period prescribed by our Rules for Appellate Procedure, §§ 2 and 3 as amended. We have heretofore ruled that while an appeal may be one in form from a judgment, yet if it is limited by the reasons therefor to a review of the decision upon the motion, we may treat it as an appeal from that decision only. *Schmidt* v. *Schaub*, 115 Conn. 208, 161 Atl. 98.

From the record evidence and the exhibits before us, it appears conclusively that the foreclosure action brought by the defendant upon the two mortgages of $5000 each did not go to judgment, but was later discontinued. It further conclusively appears that Israel Gordon and Isic Kaufman held mortgages on the property totaling more than $16,000, all which had precedence over the defendant's mortgages. Their fifth mortgage, for $7700, was executed by the plaintiff on August 13th, 1928, and on October 19th, 1929, an action of foreclosure was brought on this mortgage for default in the payment of both interest and principal. Judgment was for the plaintiffs and law days

for the owner of the equity and for this defendant mortgagee were fixed. She did not redeem, but the present defendant did so and took title to the property.

The plaintiff alleged in her complaint that she lost her title to the property "as a result of said foreclosures" brought by the defendant and, because she was "deprived of the benefit of any income" from the property, she was "unable to pay said mortgages, being by the acts of the defendant, in default on other payments in connection with said premises by way of taxes, interest on other mortgages . . . and as a result of the defendant's actions as aforesaid" she lost her title and equity.

She further alleged in her complaint that she had been paid $2400 by the defendant on the mortgage note of $5000, but did not receive the balance of $2600. The defendant's answer to this was that he had paid her "in cash, and by paying certain bills and in furnishing labor and materials and guaranteeing certain obligations, a sum considerably in excess of $5000." He offered evidence that he had paid her $1000 in cash, that he was entitled to a bonus upon the mortgage of $1000, and that he had paid bills on account of the property amounting to more than the balance due upon the mortgage. To what extent the bills paid by him were properly chargeable against the balance due under the mortgage we have no need to inquire. The plaintiff offered no evidence that her failure to receive the balance she claimed to be due her under the mortgage was the cause of her inability to pay the interest and taxes necessary to avoid the foreclosure by which she lost her title, and even if this claim was within the issues raised by the pleadings, there is no proof that she applied or would have applied any part of the proceeds of this mortgage in an attempt to save the property. Moreover, if there was a breach of the de-

fendant's obligation to make payment under the mortgage, it was a breach of contract for which the damages recoverable would be only such as can fairly be found to have been within the contemplation of the parties. *Stevens* v. *Yale,* 101 Conn. 683, 690, 127 Atl. 283; *Jordan, Marsh & Co.* v. *Patterson,* 67 Conn. 473, 480, 35 Atl. 521; 1 Sutherland, Damages (4th Ed.) §§ 76, 77. Nothing in the record indicates that use of the money paid under the mortgage to discharge interest and taxes constituting prior encumbrances was contemplated by the parties.

Aside from the defendant's failure to pay the sum due under the mortgage, the only other basis of recovery alleged relates to the alleged failure of the defendant to use income from the property in the form of rents which he collected to discharge the amounts due on prior encumbrances. Though much of the more than two hundred pages of testimony is obscure and difficult to understand, some of it by reason of the plaintiff's imperfect knowledge of the English language, it does appear conclusively that when the $5000 mortgage was given and the task of collecting the rentals was turned over to the defendant on February 26th, 1929, the building was in an uncompleted state and that it then contained no tenants; that the certificate of the department of buildings of the city of New Haven permitting occupancy by tenants was not given until May 10th, 1929.

There is conflicting testimony as to the number of tenants in the building after this date and it is impossible to determine what amounts of rent were collected by the plaintiff, the defendant, and the receiver, but taken as a whole, we cannot discover any basis for a finding by the jury that the defendant himself collected more than the $70 which he admitted. It is obvious that the plaintiff failed to furnish the jury

evidence from which they could fairly conclude that the failure of the defendant to apply the rentals collected by him to the payment of taxes and interest on prior encumbrances would have prevented the foreclosure of the mortgage and the loss of the property by the plaintiff.

We can only conclude that the jury misconceived the action and the issues presented by the pleadings and were in some way misled in giving the plaintiff a verdict for $10,000 damages, and that the court adopted the only course fairly open by granting the motion to set the verdict aside.

There is no error.

In this opinion the other judges concurred.