ALEXANDER MARKIAVICUS *vs.* THE L. E. BUNNELL TRANSPORTATION COMPANY, INCORPORATED, ET AL.

MALTBIE, C. J., HAINES, BANKS, AVERY and DICKENSON, JS.

Argued November 8th—decided December 5th, 1934.

*John H. Cassidy,* for the appellants (defendants).

*Francis McDonald,* with whom was *Pasquale De-Cicco,* for the appellee (plaintiff).

BANKS, J. Plaintiff is suing to recover damages for personal injuries resulting from a collision between an automobile operated by him and a truck owned by the named defendant and operated by its servant, the defendant Funaro. The collision occurred at the intersection of Highland Avenue and Chase Parkway, in Waterbury. Plaintiff was driving east on Chase Parkway, the defendant's truck was proceeding north on Highland Avenue, and they came into collision near the center of the intersection. There was a traffic light suspended over the center of the intersection which was operated by automatic trippers set in the highway

about one hundred and forty feet distant from the light in each direction. The plaintiff offered evidence to prove and claimed to have proved that as he approached the tripper the light was red toward him and he slowed down and put his car in second gear; that the light turned yellow and then green when he was within forty or fifty feet of it, and he continued into the intersection under the green light in second gear at about fifteen miles an hour, and that the defendant's truck, when plaintiff entered the intersection, was about one hundred and forty feet south of the light, proceeding at a rapid rate of speed, and entered the intersection without reducing its speed and with the light showing red against it, and struck the right rear end of the plaintiff's car. The defendants offered evidence to prove and claimed to have proved that the light turned to green when the truck was three hundred feet distant from it and proceeding at a speed of about twenty miles an hour, that it was green when the truck entered the intersection and changed to yellow after it entered it; that it entered the intersection before the plaintiff who entered the intersection at a speed of forty-five miles an hour.

The defendants assign as error the denial of their motion to set aside the verdict. When a party desires to appeal from a decision of a trial court upon a motion to set a verdict aside, the only procedure known to our law is that provided in §§ 5692 and 5693 of the General Statutes and the rules of this court under them. These require an appeal, not from the judgment of the court, but from the decision upon the motion. *Marcil* v. *Merriman & Sons, Inc.*, 115 Conn. 678, 163 Atl. 411. It is true that, when an appeal is filed within the time allowed by the rule and is accompanied by a proper assignment of error, the mere fact that the appeal purports to be taken from the judg-

ment of the court may be disregarded. *Schmidt* v. *Schaub,* 115 Conn. 208, 161 Atl. 98. But an appeal from the decision upon the motion cannot be combined with one from a judgment entered upon the verdict into a single appeal. In this case the appeal was taken from the judgment of the court; it was not accompanied by any assignment of error, as would be necessary if the appeal was from the decision upon the motion, and a request for a finding was filed, which would be proper only upon an appeal from the judgment. No appeal from the ruling upon the motion was taken in accordance with the rules, and the assignment of error seeking to present that ruling for review is not properly before the court. See Practice Book, 1934, § 338, which is declaratory of the practice as it existed previous to the adoption of the revised rules.

The complaint contained an allegation that defendant's truck was operated in violation of the provisions of the statutes and of the ordinances of the city of Waterbury, and the court denied a motion of the defendants that this allegation be made more specific by setting forth what provisions were violated. This motion asked the court to order the plaintiff to set forth, not the particular acts of negligence which it was claimed were in violation of the statutes or ordinances, but the provisions of the statutes or ordinances themselves which it was claimed were violated. This is neither customary nor desirable. It is sufficient to set forth the particular conduct relied upon without reference to the statutory provisions which it is claimed have been violated by such conduct. See Practice Book, 1934, p. 200, Form 222. The court did grant the defendants' motion that the complaint be made more specific by setting forth wherein the defendant driver was otherwise careless and reckless in the operation of the truck and instructed the jury that the plaintiff

could not recover for anything he had not alleged. So far as appears the defendants were not put to any disadvantage by the denial of their motion which was within the exercise of the discretion of the trial court. *Prince* v. *Takash,* 75 Conn. 616, 54 Atl. 1003.

The complaint also contained an allegation that defendants' truck was not properly equipped, which it appears from the record had reference to the plaintiff's claim that the braking mechanism of the truck was defective. Defendants assign as error the failure of the court to charge the jury that no verdict against the defendant Funaro could be rendered under this allegation, since he was the operator and not the owner of the truck. Aside from the fact that the defendants did not request the court to so charge, the statute provides that the operation knowingly of a motor vehicle with defective mechanism shall constitute a violation of the statutory prohibition against reckless driving, General Statutes, § 1581, Cum. Sup. 1933, § 423b, and it does not appear that the jury might not justifiably have found Funaro negligent under this allegation of the complaint.

The assignments of error based upon the court's refusal to charge as requested by the defendants must be disregarded since the requests are not made a part of the finding. Practice Book, 1934, § 356; *Donnelly Brick Co., Inc.* v. *New Britain,* 106 Conn. 167, 175, 137 Atl. 745.

At the conclusion of the charge, counsel for the defendants stated to the court that the charge had said nothing as to the right of recovery if both plaintiff and defendant were found negligent, and now assigns as error the failure of the court to charge specifically that if both the plaintiff and the defendant operator were negligent and their negligence concurred in causing the collision, the plaintiff could not recover. The

court, distinctly and repeatedly, charged the jury that the plaintiff, in order to recover, must show his freedom from contributory negligence. Since the jury were told that in no event could the plaintiff recover if he was negligent, the defendants cannot complain because they were not also told that the plaintiff could not recover if his negligence concurred with that of the defendant.

The jury, after having reported a disagreement, asked the court to read again the statute with regard to traffic lights. This the court did, and also gave the jury a further construction of the statute. Defendants claim that the court erred in not instructing the jury at this time that, though an operator had the right of way, it was his duty to use ordinary care in the operation of his automobile through the intersection. The court in its charge had instructed the jury, at some length and with considerable emphasis, that possession of the right of way did not excuse negligent operation, and it was unnecessary to repeat this instruction in connection with the reading of the statute in response to the jury's request. *Montagna* v. *Jewell,* 119 Conn. 178, 175 Atl. 570.

Counsel for the plaintiff stated in argument that defendants had the right to obtain a physical examination of the plaintiff by a physician, and claimed that their failure to do so was an admission that he was injured as claimed by him, and defendants assign as error the failure of the court to charge that no such admission could be inferred from the fact that an examination was not requested. Counsel was entitled to make the claim that such inference might be drawn by the jury, and the situation required no further comment by the court than that which it made, to wit, that no duty rested upon the defendants to make such an application. Furthermore, it does not appear that

counsel for the defendants made any objection to this part of the argument or any request to charge regarding it.

Error is also predicated upon the failure of the court to sustain the defendants' objection to the closing argument of counsel for the plaintiff, and to warn the jury against bringing in a verdict on the ground of sympathy, in view of the appeal to sympathy made in the argument. The language to which objection was made did not so far transcend the limits of legitimate argument as to require action on the part of the court beyond that which it took in its charge, in which it did warn the jury that their verdict should not be influenced by either sympathy or antipathy.

Other criticisms of the charge in the assignments of error do not merit discussion.

There is no error.

In this opinion the other judges concurred.