JULIA V. WHITE, ADMINISTRATRIX (ESTATE OF RICH-
ARD WHITE) *vs.* L. BERNSTEIN & SONS, INC.

MALTBIE, C. J., HINMAN, AVERY and BROWN, Js.*

Argued October 6th—decided November 3d, 1937.

*Martin E. Gormley,* with whom, on the brief, was
*H. Frederick Day,* for the appellant (defendant).

*Samuel Reich,* with whom was *Philip Reich,* for the
appellee (plaintiff).

HINMAN, J. The plaintiff's decedent, a boy aged
three years and five months, was killed by a truck

---

* By agreement of counsel the case was argued before and decided
by four judges.

driven by the defendant's employee. On the trial, negligence of the driver was admitted and the only issue submitted to the jury was the amount of damages to be awarded. The jury returned a verdict for $7500, which the defendant moved to set aside as excessive. This appeal is from the action of the trial court in denying that motion. From the brief and uncontradicted testimony it appeared that the decedent was physically normal, healthy and active, mentally alert, quick of comprehension, and precocious; he could read the entire alphabet and identify words out of a newspaper or book. The father, employed as a cost clerk, and the mother, a graduate nurse although devoting most of her time to her home and family, both testified on the trial. The medical evidence indicated that death was instantaneous. Expectancy of life, according to mortality tables, was agreed to be forty-eight years. So far as the information afforded the jury went, it appeared that the decedent, like the child in *Gorham* v. *Cohen* (102 Conn. 567, 570, 129 Atl. 523) "was beginning life under no known handicap." There is here indicated the reverse of the "probable lack of average mental and moral qualifications" which, it appears from the memorandum of decision in *Shiembob* v. *Ringling,* 115 Conn. 62, 160 Atl. 429, A-17 Supreme Court Records and Briefs, 390, back, was of weight in the trial court's reduction, in that case, of a verdict of like amount for the death of a twelve-year-old boy. The jury and the trial court had the benefit of the testimony and appearance of both parents, in appraising the probable opportunities and effect of the child's upbringing. As far as we can see, it appears that to hold the amount of this verdict excessive would be practically equivalent to ruling that in no case can recovery be had of

that sum for death, without conscious suffering, of a child of the approximate age of this decedent.

The rule as to the measure of damages for death caused as was this one is established in this State as being, subject to the statutory limit of amount, the economic value to his estate of the life which had thereby prematurely terminated. *Broughel* v. *Southern New England Telephone Co.*, 73 Conn. 614, 619, 48 Atl. 751; *Lane* v. *United Electric Light & Water Co.*, 90 Conn. 35, 36, 96 Atl. 155. In any such case the problem of accurately estimating this value and the consequent amount of damage is one "beset with insurmountable difficulties." "What the intestate's length of days would have been but for the mishap which befell him, or what his state of health or earning ability, cannot be known. . . . The law, nevertheless, undertakes to do justice as best it can, although of necessity crudely. The solution of the problem is left to the trier's good judgment." *Lane* v. *United Electric Light & Water Co.*, supra, p. 37. When the question is submitted to a jury, twelve individual judgments are set to the task of estimation and the verdict presumably is a composite thereof. "The fairness of the resultant award cannot well be subjected to any recognized test, or measured by any certain standard. It may be so palpably inadequate or excessive as to indicate that it was influenced by improper considerations, and in such case [it] should be set aside. . . . But where the matter is submitted to a jury of twelve men to exercise their combined judgment, wide latitude must be accorded to them, and their verdict should not be disturbed for a difference in judgment, even if considerable." Op. Cit., p. 37.

In the case of a young child there are lacking some aids which commonly are available in the case of a mature person, such as actual earnings, present and

past, and demonstrated ability and disposition to save, indicating to some extent probabilities for the future. *Jackiewicz* v. *United Illuminating Co.*, 106 Conn. 310, 312, 138 Atl. 151. "To attempt to determine what is the economic value of a life that is ended so shortly after it has begun opens at best an almost illimitable field for the exercise of judgment, and the conclusion of the twelve individual minds which combine to make the verdict, fortified as here by the refusal of the trial judge to interfere, is not easily to be set aside." *Gorham* v. *Cohen,* supra, p. 571; *Wolfe* v. *Rehbein,* 123 Conn. 110, 114, 193 Atl. 608.

The value of comparison with the amounts of verdicts in other cases, in considering whether a verdict is excessive, is impaired not only by ever-present lack of complete identity of facts and circumstances, as is illustrated by the reference already made to *Shiembob* v. *Ringling,* supra, but also by changes in economic considerations. In 1925, in *Monczport* v. *Csongradi,* 102 Conn. 448, 453, 129 Atl. 41, it was taken into consideration that, since 1911, when a similar cause of action there cited for comparison was decided, "the value of a dollar as a unit of compensation in unliquidated damages" had substantially decreased. That such a decrease had also preceded that period was accorded apparent legislative recognition in that in 1911 the maximum recovery for injuries resulting in death which, under the statute, had theretofore been fixed at $5000 was increased to $10,000. Public Acts, 1911, Chap. 242, § 1; *Ratushny* v. *Punch,* 106 Conn. 329, 333, 138 Atl. 220. Like cognizance of a continuance of that tendency has recently been accorded similarly in that the same statute, now § 5987 of the General Statutes, 1930, since the present cause of action arose has been so amended as to increase the

maximum recovery from $10,000 to $15,000. General Statutes, 1937 Supplement, § 852d.

If we could fairly conclude that the verdict is so excessive as to afford plain indication that it was influenced by improper considerations it would be our duty to set it aside, notwithstanding the trial court's refusal to do so, but while the picture presented by the evidence was one to arouse the sympathy of any person contemplating it, we cannot find warrant for a conclusion, differing from that of the trial court with all the advantages of personal observation of relevant circumstances, that the amount of the award was so affected by inadmissible incentives as to require or justify intervention by us as an appellate court.

There is no error.

In this opinion the other judges concurred.