JAMES E. BLAKE, EXECUTOR (ESTATE OF ELIZA WELLMAN) *v.* THE TORRINGTON NATIONAL BANK AND TRUST COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued March 7—decided April 18, 1944.

o

*Charles P. Roraback,* for the appellant (plaintiff).

*Thomas F. Wall,* with whom, on the brief, was *Robert A. Wall,* for the appellee (defendant Clinton).

PER CURIAM.   The plaintiff, as executor of the estate of Eliza Wellman, brought this action for an interpleader as to the ownership of two bank deposits which stood in Mrs. Wellman's name at her death.   He claimed them as a part of her estate, and the defendant Mrs. Clinton, her daughter, claimed that, by delivery to her of the passbooks for the deposits, they had been given to her by Mrs. Wellman just before her death.   The issues were submitted to a jury which, in a special verdict, found that Mrs. Wellman had made a valid gift of the deposits to her daughter.   The plaintiff has appealed from the denial of his motion to set the verdict aside and from the judgment, claiming errors in the charge.

We certainly cannot hold that the jury could not reasonably have believed the testimony of Mrs. Clinton, supported by that of the two witnesses who were with Mrs. Wellman at or shortly after the time of the claimed gift, despite the testimony of the attending physician, which was rather indefinite and uncertain; and the trial court was not in error in refusing to set the verdict aside.

The trial court charged the jury that the burden was upon Mrs. Clinton to prove the two essentials of a gift, delivery to her of the bankbooks representing the deposits, and a present intention on the part of Mrs. Wellman to make a gift; and that, if Mrs. Clinton had

proved these two essentials, she was entitled to a verdict unless the plaintiff proved that Mrs. Wellman did not at the time have the mental capacity to make a gift. There is no need in this case to attempt to state any general rule as to the burden of proof in an interpleader action, or even to determine whether, in an ordinary civil action, the burden to prove lack of mental capacity is upon the person contesting and not upon the person claiming a gift. Mrs. Clinton, in stating her claim as required by the judgment of interpleader, alleged that Mrs. Wellman made a gift of the bank deposits to her. The plaintiff, in stating his claim, affirmatively alleged that at the time of the claimed gift Mrs. Wellman was mentally incapable of making it. Having thus affirmatively alleged mental incapacity, the plaintiff cannot complain that the trial court placed upon him the burden of proving it. *Rix* v. *Stone*, 115 Conn. 658, 664, 163 Atl. 258; *Ryan* v. *Scanlon*, 117 Conn. 428, 434, 168 Atl. 17. The court followed its instruction as to the burden of proof with a statement that a person is presumed to be sane and capable of making a gift until the contrary is shown and that the plaintiff had introduced evidence to rebut this presumption. This charge, however deficient as the statement of a general principle, amounted in this case to no more than an instruction in another form that the burden rested upon the plaintiff to prove that Mrs. Wellman lacked mental capacity; and it could not have harmed the plaintiff. The trial court charged the jury quite fully as to the test for determining whether Mrs. Wellman had sufficient mental capacity to make a gift; and when thereafter it used the words "sound mind," the jury could not reasonably have understood otherwise than that the court meant thus briefly to refer to her mental capacity as previously explained.

There is no error.