BERTHA E. LOGAN *v.* JOHN D. JACKSON

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued December 7, 1950—decided January 16, 1951

*John H. Sheehan,* for the appellant (plaintiff).

*Martin E. Gormley,* for the appellee (defendant).

BALDWIN, J. The plaintiff brought suit to recover damages for personal injuries she suffered when she fell down a stairway in the defendant's building. The jury returned a verdict for the defendant. The only error assigned on appeal is the court's denial of the plaintiff's motion to set the verdict aside.

The following facts were not disputed: The defendant owned a building at 94 Crown Street, New Haven. It housed the operations of the Journal-Courier, a daily morning newspaper. The plaintiff's husband was employed by the defendant as janitor and fireman. His duties required that he live on the premises, and he and his wife, the plaintiff, occupied as tenants an apartment on the fourth floor. Three flights of stairs led from the front of the building on Crown Street to

this apartment and were used generally by the plaintiff and the other occupants of the building. There was also a stairway which led from the second-floor hallway down into a room on the first floor used by the Journal-Courier. A doorway, closed by a heavy door which was regularly locked from the inside, opened from this room onto a parking space in the rear of the building. The plaintiff was about to descend these rear stairs when she fell.

Liability was disputed. The plaintiff claimed that she was using the rear stairs with the knowledge and permission of the defendant; that it was a common stairway and the proper and only direct means of proceeding from her apartment to a parking space where she was permitted to, and did, park her car; that the stairs were in a defective condition due to the negligence of the defendant; and that this was the cause of her fall. The defendant offered testimony to disprove all this and claimed that the plaintiff was guilty of contributory negligence. The jury returned a general verdict for the defendant which the trial court refused to set aside upon the plaintiff's motion. In view of the conflict of evidence, the verdict was one upon which the jury could reasonably and logically have agreed. The ruling of the trial court was correct. *Lawrence* v. *Abrams,* 121 Conn. 480, 481, 185 A. 414; *Anderson* v. *Colucci,* 119 Conn. 241, 244, 175 A. 681; *Goodell* v. *Stocks,* 112 Conn. 678, 152 A. 72.

There is no error.

In this opinion the other judges concurred.