JOHN LENGEL, ADMINISTRATOR (ESTATE OF
GEORGE LENGEL) *v.* THE NEW HAVEN
GAS LIGHT COMPANY ET AL.

INGLIS, C. J., O'SULLIVAN, WYNNE, DALY and MOLLOY, Js.

Argued October 14—reargued December 14, 1954—decided
January 25, 1955

*Morris Tyler,* with whom was *John H. Filer,* for
the appellant (named defendant).

*J. Kenneth Bradley,* for the appellants (defend-
ants Rosa et al.).

*Theodore I. Koskoff,* with whom were *Frank J. Hennessy* and *Joel Alderman,* for the appellee (plaintiff).

*Martin E. Gormley* appeared for the appellants (defendants Marston et al.).

O'SULLIVAN, J. Liability was conceded in this case and the sole question submitted to the jury was that of damages. The jury returned a verdict of $60,000, which the court, upon motions of the defendants, refused to set aside. The defendants have appealed, assigning as error (1) the denial of their motions and (2) the action of the court in sending the pleadings to the jury room.

A preliminary question for determination is presented by the plaintiff's motion to dismiss the appeal. This motion, as well as one "to amend the wording of the appeal," submitted by the defendants, was filed several weeks after the case had been argued on its merits. The parties filed their respective motions when it was belatedly discovered that the appeal had been couched in the following language: "In the above entitled action, the defendants appeal to the Supreme Court of Errors *from the decision of the court denying the defendants' motions to set the verdict aside.*" The point raised by the motion to dismiss centers around the words which we have italicized.

The constitution, after creating a Supreme Court of Errors, provides that its powers and jurisdiction shall be defined by law. Conn. Const. Art. V § 1. In conformity therewith, the General Assembly has from time to time enacted legislation establishing the court's powers and jurisdiction. The legislation dealing with these topics is now to be found in chap-

ter 391 of the General Statutes. Among the sections incorporated therein is one which, in sweeping language, confers jurisdiction of rather extensive scope. § 8003. The pertinent part of that section states that "[u]pon the trial of all matters of fact in any cause or action . . . in the superior court . . ., if either party is aggrieved by the decision of the court . . . upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal from the final judgment of the court . . ., or he may appeal from the decision of the court granting a motion to set aside a verdict, to the supreme court of errors."

The foregoing statute expressly recites that the denial of a motion to set the verdict aside presents a question of law arising in the trial. It necessarily follows that this court has jurisdiction to review the legality of such a denial. Since § 8003 provides, however, that the question can be brought to this court only by an appeal from the final judgment of the trial court, the preliminary problem to be disposed of in the case at bar is whether the alleged failure of the defendants to appeal from the final judgment renders the appeal void, as the plaintiff maintains. If the appeal is void, we have no jurisdiction to entertain it. Maltbie, Conn. App. Proc., § 32.

While it is true that the defendants did not use the language set forth in § 8003 and, therefore, did not expressly comply with the manner of proceeding provided in that section, the legal effect of what they did do and did say was to appeal from the final judgment, since only by appealing from the latter could they raise the legal question as to which they asserted that they were aggrieved. Their appeal was defective in form only. Irregularities in taking

an appeal to this court are waived if no objection is made. *Bunnell* v. *Berlin Iron Bridge Co.*, 66 Conn. 24, 37, 33 A. 533. To hold otherwise would exalt technicalities over substance. *State* v. *Kreske*, 130 Conn. 558, 560 n., 36 A.2d 389.

This ruling conforms to those in previous comparable situations. The following cases, all decided since 1943, when the last substantial change dealing with appeals was enacted by the General Assembly,[2] were determined by this court on their merits, although in each instance the appeal was not from the judgment but from the denial of the motion to set aside the verdict, except in one instance, where it was from the denial of a motion in arrest of judgment. *Blake* v. *Torrington National Bank & Trust Co.*, 130 Conn. 707, 37 A.2d 241 (A-197 Rec. & Briefs 8); *Tully* v. *Demir*, 131 Conn. 330, 39 A.2d 877 (A-204 Rec. & Briefs 355); *Nagel* v. *Modern Investment Corporation*, 132 Conn. 698, 46 A.2d 605 (A-218 Rec. & Briefs 255); *Logan* v. *Jackson*, 137 Conn. 436, 78 A.2d 341 (A-280 Rec. & Briefs 243); *Lee* v. *Horrigan*, 140 Conn. 232, 98 A.2d 909 (A-312 Rec. & Briefs 9); *Clement* v. *DelVecchio*, 140 Conn. 274, 99 A.2d 123 (A-311 Rec. & Briefs 285); *State* v. *LaFountain*, 140 Conn. 613, 103 A.2d 138 (A-316 Rec. & Briefs 369); *Long* v. *Savin Rock Amusement Co.*, 141 Conn. 150, 104 A.2d 221 (A-318 Rec. & Briefs 343); *State* v. *Davis*, 141 Conn. 319, 106 A.2d 159 (A-321 Rec. & Briefs 456); *State* v. *Donahue*, 141 Conn. 656, 109 A.2d 364 (A-325 Rec. & Briefs 341). It is true that no mention of the defective appeal is made in any of the opinions cited. That, however, carries its own significance, since the court was bound, even in the absence of an attack upon the appeal, to dis-

---

[2] General Statutes, Sup. 1943, § 728g.

miss it suo motu if it was void. *Willard* v. *West Hartford,* 135 Conn. 303, 306, 63 A.2d 847; *Foss* v. *Foss,* 105 Conn. 502, 512, 136 A. 98. It is also significant that where an appeal was taken from a judgment when it should have been taken, as then provided by statute,[3] from the denial of the motion to set the verdict aside—a situation just the reverse of that involved in the case at bar—we said that "when an appeal is filed within the time allowed by the rule and is accompanied by a proper assignment of error, the mere fact that the appeal purports to be taken from the judgment of the court may be disregarded." *Markiavicus* v. *L. E. Bunnell Transportation Co.,* 119 Conn. 310, 312, 175 A. 914; *Dean* v. *Hershowitz,* 119 Conn. 398, 401 n., 177 A. 262; *Maggay* v. *Nikitko,* 118 Conn. 699, 173 A. 158; *Valente* v. *Affinito,* 118 Conn. 581, 583, 173 A. 235; *Schmidt* v. *Schaub,* 115 Conn. 208, 209, 161 A. 98. The plaintiff's motion to dismiss is based on the ground that this court lacks jurisdiction. This claim to the contrary notwithstanding, the alleged defect does not involve a jurisdictional question. The defect amounts to no more than one of form which requires challenge, if at all, within ten days after the filing of the appeal. Practice Book § 436. The appeal is not void. Since the motion to dismiss was not filed until long after that period of time, the plaintiff has waived the defect. We need not, therefore, pass upon the defendants' motion to amend the wording of their appeal.

The main contention of the defendants on the merits of the case is that, because of the excessiveness of the verdict, the court erred in denying their motions to set it aside. On the subject of damages, the jury could reasonably have found the following

---

[3] General Statutes, Rev. 1930, § 5692.

facts: The decedent, forty-one years of age, died on November 27, 1952, as the result of asphyxiation by illuminating gas that had escaped from a company main in the adjacent street and had seeped into the kitchen where he and a companion were seated at a table. Death from this cause is due to the destruction of red blood cells and pain is not associated with it. It is very difficult for one to sense the presence of this type of gas. As inhalation increases, disorientation of the victim follows until he lapses into unconsciousness and eventual death.

For each of the three years prior to his death, the decedent earned about $2000 annually. During part of that time he worked for a paving concern as a pick and shovel man, and later, as the operator of a mechanical roller. During another part, he worked for an aircraft concern as a fabricator. He also undertook odd jobs in his off hours. He was a capable employee, preferring to work outdoors. Although he was unemployed at the time of his death, the paving concern had offered him a job at $65 a week during that part of the following year when asphalt could be laid. His health was good and he had a life expectancy of about thirty years.

The decedent had been married in 1944. A daughter was born of the marriage in 1947. In 1952, the decedent's wife obtained a decree of divorce on the ground of intolerable cruelty. There was no evidence that the decedent had paid support to his wife or to his daughter after they left him in 1951 and went to reside on Long Island. During his married life, the decedent and his wife became joint owners, with right of survivorship, of a small one-family house in Milford, where they were then living. At the time of his death, no taxes on the property had been paid for several years, and

its value, if any, over the mortgage did not appear. The decedent left no estate other than the claim here in litigation. The only proven special damages were a funeral bill in the amount of $647.34.

The parties agree that the court's instructions on the question of damages conformed with the law as recently laid down in *Chase* v. *Fitzgerald,* 132 Conn. 461, 470, 45 A.2d 789. After the jury had returned their verdict, the defendants moved to set it aside on the ground, in part, that it was against the law. They now urge us to modify the law as stated in the *Chase* case to meet various suggestions for which they contend. However, by their failure to take exception at the conclusion of the charge, the defendants accepted the court's instructions as the law of the case. It necessarily follows that a verdict rendered in accordance with the unexcepted-to charge of the court is not a verdict contrary to the law. See *R. F. Baker Co.* v. *P. Ballantine & Sons,* 127 Conn. 680, 683, 20 A.2d 82; *Reynolds* v. *Maisto,* 113 Conn. 405, 407, 155 A. 504; *Fenton* v. *Mansfield,* 82 Conn. 343, 349, 73 A. 770; *St. Paul's Episcopal Church* v. *Fields,* 81 Conn. 670, 676, 72 A. 145; *Lyon* v. *Summers,* 7 Conn. 399, 408. If we are to examine the other grounds of the defendants' motions, namely, that the verdict is against the evidence and is excessive, we must appraise those grounds in the light of the law of the case. This is a policy that ordinarily governs us, and we find no sound reason to alter it in the instant case.

As we have frequently said in the past, damages for death are awarded to meet the economic loss sustained by the decedent's estate, although some allowance may be made for the death itself. *Farrell* v. *L. G. DeFelice & Son, Inc.,* 132 Conn. 81, 86, 42 A.2d 697; *White* v. *L. Bernstein & Sons, Inc.,* 123

Conn. 300, 302, 194 A. 723; *Lane* v. *United Electric Light & Water Co.*, 90 Conn. 35, 36, 96 A. 155; *Kling* v. *Torello*, 87 Conn. 301, 306, 87 A. 987; *Broughel* v. *Southern New England Telephone Co.*, 73 Conn. 614, 620, 48 A. 751. Damages are never based on sentimental values or upon the loss caused to the family or relatives of the decedent. *McElligott* v. *Randolph*, 61 Conn. 157, 159, 22 A. 1094; *Goodsell* v. *Hartford & N.H.R. Co.*, 33 Conn. 51, 56. The *Chase* case did not change these principles; it merely set forth the rule by which the economic loss to a decedent's estate can be ascertained.

The amount of damages recoverable in actions for death is peculiarly within the province of the jury. *Hunt* v. *Central Vermont Ry. Co.*, 99 Conn. 657, 661, 122 A. 563; *McKiernan* v. *Lehmaier*, 85 Conn. 111, 118, 81 A. 969. Nevertheless, instances will occur when an award is set at a figure so large as to be clearly excessive. If the amount determined by the jury convinces the mind that the verdict is in fact excessive, unjust and entirely disproportionate to the loss sustained by the decedent's estate, it becomes our duty to act. *Quackenbush* v. *Vallario*, 114 Conn. 652, 655, 159 A. 893; see *Ratushny* v. *Punch*, 106 Conn. 329, 336, 138 A. 220.

In the light of the evidence, the jury, we believe, could not reasonably have found that the decedent's estate had suffered the economic loss set by them, exclusive of a reasonable sum for the death itself. The decedent had been earning but $2000 a year, an amount hardly sufficient to indicate any possibility that he would have had a large excess of gross earnings over and above his personal living expenses. While it is true that from 1944 to 1951 he exhausted, in all probability, much of his earnings for the support of his wife and daughter, that factor must be re-

moved from consideration since he provided them with no such support after 1951. He left no estate, although he had lived for forty-one years. If the experience of his past was indicative of what he might net in his less fruitful years of employment, it obviously furnished no basis to support the very large sum incorporated in the verdict for that purpose, exclusive of a reasonable award for the death itself and for the funeral bill of $647.34. The verdict is so high that interest on it would greatly exceed the decedent's net annual average earnings and would thus amount, in effect, to an annuity, in perpetuity, in excess of those earnings. *Nelson* v. *Branford Lighting & Water Co.*, 75 Conn. 548, 553, 54 A. 303. The verdict is grossly excessive and cannot be justified in reason.

The further claim of the defendants that the court was in error in sending the pleadings to the jury room is without merit. That action was within the court's discretion. *Ziskin* v. *Confietto*, 137 Conn. 629, 634, 79 A.2d 816; *Proto* v. *Bridgeport Herald Corporation*, 136 Conn. 557, 568, 72 A.2d 820. There is nothing to indicate that the discretion was abused.

There is error, the judgment is set aside and a new trial is ordered unless the plaintiff, within five weeks from the date when the judgment of this court is rendered, shall file with the clerk of the Superior Court a remittitur of $34,352.66 of the amount of the verdict; but if such remittitur is filed, judgment shall thereupon as to the balance of the verdict be rendered upon it. The costs on this appeal shall in either event be taxed in favor of the defendants.

In this opinion INGLIS, C. J., DALY and MOLLOY, Js., concurred.

WYNNE, J. (dissenting). I concur in all that is

said in the opinion but do not agree that this court should, in effect, fix damages by ordering a remittitur. My view is that the verdict should be set aside.