HELEN WRIGHT ET AL., ADMINISTRATORS (ESTATE OF IDA WRIGHT) *v.* EASTERN LIVE POULTRY CO. ET AL.

SUPERIOR COURT     NEW LONDON COUNTY     FILE NO. 22173

WILHO E. WIRTA, ADMINISTRATOR (ESTATE OF CAROL WIRTA) *v.* EASTERN LIVE POULTRY CO. ET AL.

SUPERIOR COURT     NEW LONDON COUNTY     FILE NO. 21996

Memorandum filed March 8, 1955.

*Louis C. Wool,* of New London, for the plaintiffs in No. 22173.

*Gilman, Jacobson & Laudone,* of Norwich, for the plaintiff in No. 21996.

*Day, Berry & Howard,* of Hartford, for the defendant Eastern Live Poultry Co. in both cases.

*McGuire & McGuire,* of New London, for the defendant Lester Long in both cases.

TROLAND, J. On December 14, 1953, Ida Wright and Carol Wirta, young girls living in the small town of Voluntown, were en route to high school in Jewett City as passengers in the school bus furnished by the town of Voluntown, owned and operated by the defendant Long. At a turn in the road the school bus and a truck owned by the defendant Eastern Live Poultry Company were in a violent

collision. Several of the passengers received serious injuries. Ida Wright and Carol Wirta were killed instantly. These children were schoolmates in the first year of high school. Each was of the age of fourteen, with a life expectancy of 46.16 years.

The above entitled cases were tried together. The defendants have admitted liability. The problem before the court is to determine "just damages" for the deaths of two young girls.

Facts developed on the trial relevant to the assessment of damages include the following: Ida Wright, was a happy, healthy girl. She was five and one-half feet tall, weighed 140 pounds. She was of very good appearance and of pleasing personality. She was interested in school work, participated in athletics, and also took part in the church and Sunday school life in her community. She was a member of the Youth Group, a church organization, and also of the Grange, and the 4-H Club. Ida Wright evidenced considerable musical talent and had taken piano lessons for about a year and a half. She played hymns at Sunday school, did grade three work in music and was considered by her music teacher a good pupil, above average. Ida was ambitious. She had a weekly newspaper route from which she earned $1.50 a week. She was considered by her teachers a good average American girl. In high school she was taking a commercial course, and in all probability she would have been seeking employment in secretarial work in about four years if she had lived.

Carol Wirta was a happy, healthy girl. She was about five feet three inches tall and weighed about 103 pounds. She was attractive and of pleasing personality. She had considerable musical talent and had taken piano lessons for about a year and a half from the same teacher as Ida Wright, and they

were equally accomplished. Carol also had a definite artistic talent, had taken art lessons and produced better than average work. In high school Carol was taking a college preparatory course. She was a student of honor quality, a superior student. Plans for her future, which seemed probable of fulfilment, envisaged for her, art courses of college grade. It seemed probable that she would not be seeking employment for about eight years, had she lived.

Each of the girls described above was fortunate in living in homes where they were receiving loving care and attention, and in the small community where they resided they were enjoying mutual friends and to a large extent participating in similar activities.

Carol Wirta lived with her parents, substantial, healthy, prosperous people. Her father is a poultry raiser, who owns his own farm and who could afford to send his daughter to college and had planned to do so.

Ida Wright did not know her real parents. Ida Wright lived with foster parents. At the age of two she came under the care of the commissioner of of welfare as his ward. Since 1945 she lived with Mr. and Mrs. Elmer Campbell of Voluntown, who accepted her into their family as their own child, and under whose loving care she thrived and developed into the happy, healthy, accomplished girl described above. The Campbells did not adopt Ida. Ida's mother is still living. She had not visited her daughter during the last ten years. She is one of the administrators of her daughter's estate, was present in court during the trial, but did not testify. Records of the welfare department indicate Ida's mother was born in 1898, that she has had eight other children. The record is without any definite

information about Ida's father except that he was born in 1891, held various railroad and W.P.A. jobs and that his present whereabouts are unknown. The resources of Mr. and Mrs. Campbell are such that they did not plan educational advantages for Ida beyond high school.

These young children had much in common in their situations; however, on all the evidence it appears that the opportunities available to Carol Wirta to live a profitable life were reasonably greater than those available to Ida Wright.

Although much of the evidence in the cases provided a basis for sympathetic and emotional appeals to the trier, counsel for the parties were careful in argument to recognize the rule recently restated by our Supreme Court of Errors, that the damages to be awarded are not based upon any sentimental values or upon the loss caused to the family or relatives of the deceased. *Lengel* v. *New Haven Gas Light Co.,* 142 Conn. 70. The court has accordingly tried to evaluate the opportunities of these young girls to live profitable and pleasant lives, to earn money, to take their places in the community, to marry and rear a family, and to determine the economic loss sustained by the estate of each decedent. *Lengel* v. *New Haven Gas Light Co.,* supra. The court has applied the rule for measuring damages resulting from death as stated in *Chase* v. *Fitzgerald,* 132 Conn. 461, 470. Our Supreme Court of Errors has recently said in another case: "Many of the factors upon which our rule for the assessment of damages rests are, at best, rather indefinite and speculative in nature. 'What the intestate's length of days would have been but for the mishap which befell him, or what his state of health or earning ability, cannot be known. Therefore the problem of estimating damages for the loss of his life with any exactness is, as in every such case . . . one

beset with insurmountable difficulties. The law, nevertheless, undertakes to do justice as best it can, although of necessity crudely.'" *McKirdy* v. *Cascio,* 142 Conn. 80.

The funeral expenses included in the award in the case of Ida Wright are found to be $615.00. The funeral expenses included in the award in the case of Carol Wirta are found to be $741.03, which sum contains an allowance of $30.90 for flowers.

Judgment may enter in the case of Helen Wright et al., Administrators v. Eastern Live Poultry Co. et al. for the plaintiffs to recover of the defendants $23,115 damages, and in the case of Wilho E. Wirta, Administrator v. Eastern Live Poultry Co. et al. for the plaintiff to recover of the defendants $25,741.03 damages.