NICHOLAS ERARDI *v.* HELEN KRYSTOFALSKI

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 7-619-1129

Argued May 11—decided July 16, 1962

*Andrew F. Pulaski,* of Meriden, for the appellant (defendant).

*James M. S. Ullman,* of Meriden, for the appellee (plaintiff).

MONCHUN, J. The plaintiff has moved to dismiss the defendant's appeal from a judgment of the Circuit Court in the seventh circuit on the ground that the same was not taken properly. The plaintiff maintains that the appeal is defective in that the word "decision" was used in place of "judgment" and thus the appeal is defective in that it fails to appeal from the final judgment of the trial court.

The rules of the Circuit Court require that appeals to the Appellate Division conform, nearly as may be, to the rules of practice governing appeals to the Supreme Court of Errors and specifically mentions § 377 of the Practice Book. Cir. Ct. Rule 7.51.1. Section 377 provides that an aggrieved party may appeal "from the final judgment of the court."

It is conceded by the defendant, and it is true, that an error was made in that the language used in the appeal did not conform to the rule as set forth in § 377 of the Practice Book, since the express language set forth in the Practice Book was not used.

Ballentine, Law Dictionary, uses the following definitions: "A decision is the judgment of a court .... Judgment ... [t]he last word in a judicial controversy."

In general, courts should require strict compliance with rules of procedure to avoid uncertainties. However, if a strict enforcement would defeat justice, then the rules should be abrogated to that extent. Nobody was misled by the error in this case. The words "judgment" and "decision" are interchangeable. The defendant actually did appeal from the final judgment, and the appeal was defective in form only. To dismiss the appeal for the aforementioned defect would defeat justice. *Lengel* v. *New Haven Gas Light Co.,* 142 Conn. 70, 73.

Since the defect is one in form only and without harm to the plaintiff, the motion to dismiss is denied.

In this opinion SULLIVAN and ZARRILLI, Js., concurred.