VIRGINIA MARTINOTTI *v.* LOUIS CONSOLINI ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

File No. CV 18-6308-1069

Argued July 13—decided September 9, 1964

*Randolph C. Smith, Jr.,* of Torrington, for the appellants (defendants).

*James J. Shea,* of Waterbury, for the appellee (plaintiff).

PER CURIAM. Judgment for the plaintiff was entered on May 6, 1964, and on May 18, 1964, the defendants filed their appeal but did not serve opposing counsel with the appeal papers within forty-eight hours in accordance with § 951 of the 1963 Practice Book. On June 10, 1964, the plaintiff filed a motion to dismiss for failure to serve the appeal papers.

A motion to dismiss an appeal "shall be filed within ten days after the ground for dismissal arose, provided that any motion based on lack of jurisdiction or failure to prosecute with proper diligence may be filed at any time." Practice Book, 1963, § 976. The plaintiff's motion claims that this court lacks jurisdiction by reason of the defendants' failure to comply with § 951. "Where an appeal properly lies, but there has been a failure to follow the requirements of the statutes or rules, the appeal is ordinarily not void, but voidable; the defect may be waived by a failure to take advantage of it; and unless attacked by motion the court will proceed to determine the appeal. The supreme court has said broadly that defects in the method of taking an appeal do not go to the jurisdiction of the court, and has added: 'To hold otherwise would be to exalt technicalities over substance.' [*Lengel* v. *New Haven Gas Light Co.*, 142 Conn. 70, 74]." Maltbie, Conn. App. Proc. § 275.

The plaintiff's claim does not involve a jurisdictional question. The defect is one of form which requires challenge within ten days after the ground for dismissal arose. *Lengel* v. *New Haven Gas Light Co.*, supra, 75; Maltbie, op. cit. §§ 275, 277. Since the plaintiff's motion was not filed within ten days, and since the defect in the appeal was one of form and not of jurisdiction, the motion must be denied.

The motion to dismiss is denied.

PRUYN, DEARINGTON and LEVINE, Js., participated in this decision.