HERBERT A. BERMAN *vs.* WILMER P. STANCLIFF ET AL.

LEONARD BERMAN *vs.* WILMER P. STANCLIFF ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 13th—decided July 25th, 1933.

*John C. Blackall,* with whom, on the brief, was *Charles H. Blackall,* for the appellants (defendants).

*Louis M. Schatz,* with whom, on the brief, were *Nathan A. Schatz* and *Julius B. Schatz,* for the appellee (plaintiff).

PER CURIAM. The plaintiffs in these two actions are suing to recover damages for injuries suffered in a collision between an automobile in which they were riding and an automobile being driven by one of the defendants, Stancliff, in the course of his employment by the other defendant. In each case the jury returned a verdict for the plaintiff and the defendants are appealing from the denial by the trial court of a motion to set it aside. The collision occurred at night at the intersection of Asylum Avenue and Vardon Road in West Hartford. The car in which the plaintiffs were riding was proceeding westerly on the avenue and that driven by Stancliff was going easterly, and

the collision occurred when Stancliff turned to the north to go into Vardon Road. The jury could reasonably have found that Stancliff was negligent in at least two respects: In that, while the cars were arriving at the intersection at approximately the same time and the car in which the plaintiffs were riding was on his right when he turned, he did not yield the right of way to it; and in that, in turning to enter Vardon Road, he did not pass to the right of the center of the intersection. The jury could also have reasonably found that his negligence in either or both of these respects was a proximate cause of the accident. Vardon Road is a little used residential street; while Stancliff testified he gave a signal of his intent to turn, there was evidence which the jury might reasonably regard as throwing serious doubt upon this testimony and they may have concluded that he gave none; the plaintiffs were entitled to assume that, if Stancliff intended to turn into Vardon Road he would give the car in which they were riding the right of way and go to the right of the center of intersection of the two streets; and the jury might have found that their car was proceeding at a speed of only twenty-five miles an hour. Whether under the circumstances its driver was required in the exercise of reasonable care to slow his car or take other precautions to avoid a possible collision was at least a question of fact for the jury.

There is no error on either appeal.