STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. AARON L. SIMON, IRVING SIMON, WILLIAM CONLON, OTHERWISE KNOWN AS IRISH WILLIE CONLON, OTHERWISE KNOWN AS WILD BILL CONLON, CHARLES DECKER, OTHERWISE KNOWN AS HOP DECKER AND ALBERT DURGETT, PLAINTIFFS IN ERROR.

Argued October 1, 1935—Decided May 25, 1936.

Before Brogan, Chief Justice, and Justices Lloyd and Donges.

For the plaintiff in error Aaron L. Simon, *Ward & McGinnis*.

For the plaintiff in error Irving Simon, *Minturn & Weinberger*.

For the plaintiff in error William Conlon, *Samuel Raff*.

For the plaintiff in error Charles Decker, *Chandless, Weller & Selser*.

For the plaintiff in error Albert Durgett, *Milton Schamach*.

For the defendant in error, *James D. Carpenter, Jr.*

Lloyd, J. The defendants below (plaintiffs in error here) were convicted of the crime of conspiracy to embrace a jury in a civil cause, and we are asked to review the conviction on bill of exceptions alone. The single assignment of error is that the trial judge erred in overruling the pleas of *autrefois convict*.

The indictment in the present case and under which the conviction was had charged a conspiracy entered into on April 26th, 1933, to embrace a jury in the case of Richmond *v.* Orbe. To this indictment pleas of *autrefois convict* in statutory form were attempted to be filed, and to these were added pleas *in extenso* to the same effect. The trial judge held the statutory pleas ineffective, apparently disregarding the further pleas and the proofs later submitted.

Section 45 of the Criminal Procedure act (2 *Comp. Stat., p.* 1835) provides that "in any plea of *autrefois convict* or *autrefois acquit* it shall be sufficient for any defendant to state that he has been lawfully convicted or acquitted, as the case may be, of the said offense charged in the indictment."

The statutory pleas of the defendants failed to contain the word "lawfully" and this, we think, rendered them fatally defective. The section, like that prescribing the short form of indictment for murder set forth in section 36, was intended to provide a short form of criminal pleading, permissible, though not exclusive of the right to plead the facts *in extenso*. If the defendants sought to avail themselves of the short plea it was essential that they comply with its requirements in all essentials. A conviction to be available as a plea must of necessity be a lawful conviction, and upon the failure to comply with this requirement of the statute, the judge was right in ruling as he did. *State* v. *Firth,* 103 *N. J. L.* 275.

There remain the additional pleas. These in substance alleged in detail a former conviction. Without demurrer on the part of the state and without formal traverse of the issue thus raised, the parties proceeded to a trial of the truth of the matters alleged in these second pleas before the judge and a jury sworn to try it.

To support the pleas the record in the case of the state against the same defendants upon an indictment charging them with conspiracy entered into on May 8th, 1933, to embrace a jury in the case of Veit *v.* Miller, a case theretofore pending in one of the civil courts, was offered in evidence. There was also offered in evidence the entire tran-

script of testimony taken in that former conspiracy trial. The formal record of the earlier case is printed in the state of the case now before us. Only so much of the testimony thus offered as was testified to by the stenographer who took the notes at the former trial and a portion of the prosecutor's opening are printed in the present state of the case.

Assuming that the amplified averments constituted valid pleas, it may be conceded that if identity of offenses is established either by the pleadings or by the evidence produced the pleas would be made out. The offense is conspiracy and not its effects, and if there be a conviction of that conspiracy, regardless of its objects, it would bar a retrial upon the same conspiracy having other results. *State* v. *Profita,* 114 *N. J. L.* 334.

While the judge in dealing with the case dealt solely with the statutory pleas and made no reference to the facts alleged or proved, it is apparent that if the proofs failed to support the pleas more extensively set forth, a like ruling would have been required.

Bearing in mind the burden to justify the pleas, the defendants having offered the record and the previous testimony in evidence, the finding on the pleas must rest upon that state of the proofs. It was not open to them to go outside of this record and proofs to establish the truth of their pleas. When, therefore, these were all before the court the case on the proofs was closed and the judge was quite right in stopping further consideration of the issue; and, if the facts before him failed to establish the pleas, to so rule and dismiss the jury from their further consideration. This he did and it is unimportant that he gave but one reason for doing so. The question is whether his action was right and not his reason.

We think he was right. Comparison of the indictments discloses no identity of offenses. The present indictment charges a conspiracy entered into on April 26th, 1933, to embrace a jury in one case, and the indictment previously tried charged a conspiracy entered into on May 8th, 1933, to embrace a jury in another case. The strict record of the former trial was therefore clearly inadequate to support the pleas.

Turning to the proofs and the prosecutor's opening set forth in the record before us (and these are all we are permitted to examine), a critical reading likewise fails to disclose identity of offenses. Being without evidence to support them, and all of the possible evidence that the defendants would be permitted to produce being before the court, there was nothing for the judge to do but to overrule the pleas and to dismiss the jury from their consideration.

It is suggested in the argument that the proceedings were irregular. Possibly so. Perhaps there should have been formal traverse of the facts if the pleas were deemed to be sufficient, and this was not done, but this does not aid the defendants. A jury was sworn to try the issue as though a traverse had been filed and the defendants went to trial without objection. In doing so they waived the formality of pleading. *State* v. *Profita, supra.*

Finding no error the judgments will be affirmed, with costs.