## ELEANOR W. GILBERT v. LUNDGREN FUEL COMPANY, INC.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, Js.

Argued October 13—decided November 29, 1949.

*D. H. Cotter*, with whom was *John J. Cotter*, for the appellant (plaintiff).

*John E. McNerney*, with whom, on the brief, was *Francis J. Moran*, for the appellee (defendant).

ELLS, J. The plaintiff was a passenger in a jeep which collided with the defendant's oil truck on Barnum Avenue in Stratford. The jury returned a verdict for the defendant, and the plaintiff has appealed from

the denial of her motion to set it aside and from the judgment.

Barnum Avenue in Stratford, part of U. S. route 1, is a four-lane concrete highway approximately forty feet wide, runs in an easterly and westerly direction, and has two lanes for eastbound traffic and two for westbound traffic. On the north side, Broadbridge Avenue intersects it at approximately a right angle, while on the south side Broadbridge Avenue runs off in a southeasterly direction and another street, Rockwell Avenue, in a southwesterly direction. Rockwell and Broadbridge Avenues converge a short distance before they reach Barnum Avenue and form what appears to be a single wide intersection, with an island southerly of the traveled portion of Barnum Avenue on which are signs "Go Right." There are two traffic lights in the center of Barnum Avenue at or near the intersecting streets and located about twenty-five feet apart. They are co-ordinated to act as one light.

The jury reasonably could have found the following facts: On November 23, 1946, a clear, dry day, about 3:40 o'clock in the afternoon, an oil truck owned by the defendant and operated by its agent was traveling east on the most southerly lane of Barnum Avenue at twenty-five to thirty miles an hour. There was little traffic, and the driver had an unobstructed view of the intersection. The traffic lights were green for east and westbound traffic. The jeep was traveling west on Barnum Avenue at a speed of about twenty-five miles per hour. As the defendant's truck was about to enter the intersection, its driver saw the jeep sixty feet away traveling west on the more southerly lane for westbound traffic. Upon reaching the easterly traffic light, the jeep, without any warning, made a sudden left turn across Barnum Avenue, directly into the path of the defendant's truck, to enter Rockwell Avenue.

When the driver of the truck saw the jeep turning in front of him, he applied the brakes and attempted to swerve to his left to avoid a collision, but the cars collided. The truck left brake marks on Barnum Avenue seventy feet long. There was no claim that the brakes were in improper condition.

Upon these facts the jury reasonably could have found that the defendant was not negligent. An outstanding consideration is that, if the jeep was to turn, the truck would be on its right and so would have the right of way. *Carlin* v. *Haas,* 124 Conn. 259, 264, 199 A. 430; *Berman* v. *Stancliff,* 117 Conn. 669, 670, 167 A. 728. This fact would justify the truck driver in proceeding without anticipating that the jeep would turn to the left in front of him. We refer briefly to but one of the many further claims made by the plaintiff. She contends that the jury was not entitled to believe that the truck was going only twenty-five to thirty miles an hour because the brake marks left by the rear wheels extended for seventy feet. It is sufficient to say that upon all the evidence relating to this issue, including the question of the sudden emergency with which the truck driver was confronted, the jury could have adopted his testimony that the truck was going twenty-five to thirty miles an hour.

There was no error in the denial of the motion to set the verdict aside.

The plaintiff has chosen to criticize and claim error in almost every conceivable phase of the trial court's charge to the jury. There were no requests to charge, and the plaintiff took exception to the charge at its termination on only one point. Except as to that, we do not consider the assignments of error as to the charge. Practice Book § 156.

After colliding with the jeep, the defendant's truck continued across Barnum Avenue and struck another

automobile. The two occupants, Mollica and his daughter, sued the defendant, and their cases and the present one were tried together. The jury rendered verdicts for the defendant in all three cases, and the occupants of the third car did not appeal.

The trial court instructed the jury at length on the issues of the claimed negligence of the defendant's driver and proximate cause. No claim was made that the Mollicas were guilty of contributory negligence. In its summation of the charge, the court said: "Let us assume that you find that Johnson [the truck driver] was negligent and that his negligence was a proximate cause of the first and second collision; you will decide in favor of Mollica and his daughter Lucy, even if you also decide that Pope [the driver of the jeep] was also negligent and that his negligence concurred in the first accident." The plaintiff's exception to the charge appears to have been that in the Mollica cases the court referred to the question of concurring negligence on the part of the defendant and the driver of the jeep but did not refer to it in that part of the charge in which the court discussed this plaintiff's case. The court had discussed the question of remote and proximate cause and had carefully applied it to all three cases. However, when the objection was made, the court recalled the jury and instructed them that, if they found that the truck driver was negligent, that his negligence was a proximate cause of the injuries and that it concurred with negligence on the part of the jeep driver that was also a proximate cause, there could be no recovery by this plaintiff if she herself was guilty of contributory negligence; but that "if, on the same assumption, the defendant is unable to prove that she was guilty of contributory negligence, she may recover and your verdict should be in her favor against the oil company." Under the circumstances, and in view of the exception, .

this was all that or more than the plaintiff was entitled to receive.

The numerous assignments of error directed to the finding as to the claims of proof made by the parties do not test any of the errors assigned in the charge which we have considered; therefore we do not discuss them.

There is no error.

In this opinion the other judges concurred.