17 N.J. Super. 192 (1951)
85 A.2d 353
STATE OF NEW JERSEY, PLAINTIFF,
v.
RALPH COOLACK, DEFENDANT.
Superior Court of New Jersey, Morris County Court.
Decided December 4, 1951.
*194 Mr. John D. Collins, Morris County Prosecutor, attorney for the State.
Mr. Edward F. Broderick, attorney for the defendant.
LANCE, J.C.C.
This is a jury trial to determine solely the issue of double jeopardy arising out of indictments for the murder of three persons. The State moves for a judgment in its favor at the conclusion of the accused's case.
Three indictments were returned against the defendant, Ralph Coolack, charging the murders of Arthur Poole, Irene Poole, and Homer Luhman, respectively. The defendant was tried on one of these indictments, namely, the indictment for the murder of Arthur Poole, and a jury returned a verdict of guilty of murder in the first degree with a recommendation of life imprisonment. The State now presses the trial of the two remaining indictments which charge the murder of Irene Poole, who was the wife of Arthur Poole, and Homer Luhman. The defendant, Ralph Coolack (hereinafter called the accused), has filed a written motion to dismiss these pending indictments on the ground that the trial of either or both of them would place him twice in jeopardy.
The pleas of autrefois acquit and autrefois convict known to the common law and our former New Jersey practice have been abolished. Rule 2:5-3. A motion to dismiss the indictment properly raises the issue under the present practice.
The accused demanded a jury trial solely for the purpose of determining the issue of former jeopardy. To such trial an accused is now entitled, as was he at common law. In trials of this type the general rules of criminal procedure prevail except that the accused must bear the burden of proving that prior jeopardy does exist. State v. Turco, 99 N.J.L. 96, 104 (E. & A. 1923). He need not, however, prove his case beyond a reasonable doubt; it is sufficient if the accused establishes his claim to the satisfaction of the jury by a preponderance of the proof. State v. Ackerman, *195 64 N.J.L. 99, 105 (Sup. Ct. 1899). The accused is consequently under a duty to put in his case before that of the State.
The accused is not permitted to go beyond the record and proofs at the first trial to establish the identity of the offense. State v. Simon, 116 N.J.L. 452 (Sup. Ct. 1936). The only witness was Mr. Edwin W. Orr, the Deputy County Clerk of Morris County. Through him the accused introduced into evidence the three indictments in question, established the identity of the accused, and showed that the accused had been convicted of first degree murder with a recommendation of life imprisonment on the trial of the indictment alleging the death of Arthur Poole. The accused then read to the jury the direct and cross-examinations from the transcript of the first trial, of four persons who had claimed to be eyewitnesses to one or more of the shootings.
At the end of the accused's case the State requested the court to take the case from the jury and "direct a verdict in favor of the State." The State represented that, regardless of the outcome of the motion, it intended to submit no proofs of its own. The accused thereupon asked the court to "direct a verdict in favor of the defendant." The effect of granting the State's motion would be the entry of an order by the court which would deny the motion of the accused to dismiss the two pending indictments without sending the case to the jury for their determination. The effect of granting the accused's motion would be the entry of an order dismissing the indictments.
The status of the accused after he rests is for this particular purpose parallel to that of a plaintiff in a civil case. If there is nothing in the proofs of the accused to support the claim of prior jeopardy, the trial court may take the case from the jury immediately and enter an order in favor of the State, or as was formerly said, direct a verdict against the plea. State v. Simon, supra; State v. Cosgrove, 102 N.J.L. 255 (Sup. Ct. 1925), reversed on other grounds, 103 N.J.L. 412 (E. & A. 1926).
*196 A brief resume of the testimony produced by the accused from the transcript will suffice. On December 3, 1950, Arthur Poole and his wife, Irene Poole, were sitting next to each other on separate stools at the bar in a Whippany tavern. The accused came in, tapped Arthur Poole on the right shoulder, spoke to him and then stepped back. Thereupon he shot him in the back of the head with a pistol, twisted his arm slightly to the left and then sent a second bullet into the back of the head of Irene Poole. Homer Luhman, the bartender, threw a bottle across the bar at Coolack who then shot him at least twice. Some 15 seconds elapsed between the second shot directed at Irene Poole and the shots at Luhman. One witness, according to the transcript, testified that the interval between the shots which killed Mr. and Mrs. Poole was "about the time you could pull a trigger and twist your hand and pull the trigger again."
In State v. Rosa, 72 N.J.L. 462 (E. & A. 1905), also a case involving multiple killings by gun, Chief Justice Gummere in speaking of a plea of autrefois acquit, stated:
"Although it sets out that Galante was shot at the same time and place that Denofrio was, and that they were shot by the same person, it fails to allege or show that it was the same act which produced both homicides; and this is universally held to be the essential feature in a plea of this nature, for it is the character of the act, not the results which flow from it, which determines the question of the guilt or innocence of the person who does it."
In State v. DiGiosia, 3 N.J. 413 (1950), the court stated:
"It has been said that the true test of former jeopardy is whether the evidence necessary to support the second indictment would have been sufficient to secure a legal conviction upon the first; but this is not an absolute rule."
In the instant case it is clear that the shootings of Mr. Poole and Homer Luhman were not the same identical act. Nor would the evidence necessary to support a conviction for the murder of Homer Luhman under the pending indictment have been sufficient to secure the conviction of the defendant for the murder of Arthur Poole. This is a question of law *197 with no issue of fact for the jury to try. Consequently, the court will take the case from the jury and enter an order denying the motion of the accused to dismiss the indictment which charges the murder of Homer Luhman.
Is a jury question presented as to whether the shootings of Mr. and Mrs. Poole were the same identical act and whether the evidence necessary to support one indictment would have supported the other? The commission of two offenses by separate and distinct acts, although close in point of time, will subject the offender to prosecution for each separate and distinct offense.
Two illustrations may serve to show the distinction drawn in our cases in this State:

In the situation on the left the defendant D fires a shot at A, moves his arm slightly to the left, pulling the trigger of the pistol a second time, shoots B immediately thereafter, and a few seconds later shoots C. Three distinct acts were committed.
In the situation on the right, D pulling the trigger only once, but intending to kill three persons, puts a single bullet through A which continues through B and into the body of C. All are killed. If the trial for the murder of A resulted in either an acquittal or conviction, the plea of double jeopardy would bar the trial of indictments for the murder of either B or C.
An order will be entered denying the motion of the accused to dismiss the indictment which charges the murder of Irene Poole. There is no issue of fact for the jury to try.