AMOS CLEMENT ET AL. *v.* ETHEL DELVECCHIO

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

Argued June 3—decided August 4, 1953

*DeLancey Pelgrift,* for the appellant (defendant).

*Samuel C. Derman,* with whom were *Louis I. Gladstone* and, on the brief, *George Koenig,* for the appellees (plaintiffs).

INGLIS, J. This is an appeal from the denial of a motion to set aside a verdict in favor of the named plaintiff. The action sounded in negligence. The sole contention of the defendant is that the plaintiff was guilty of contributory negligence as a matter of law.

The jury could have reasonably found the following facts: East Washington Avenue and Harriet Street are intersecting highways in Bridgeport. The former runs east and west and the latter north and south. During the morning of February 25, 1950, the named plaintiff, hereinafter referred to as the plaintiff, accompanied by his wife, the other plaintiff, was driving his automobile westerly on East Washington Avenue, and the defendant was operating her car in a northerly direction on Harriet Street. There was a stop sign on the east side of Harriet Street about ten feet south of the intersection. The defendant, proceeding at about twenty miles an hour, drove past the sign without stopping and into the intersection. The plaintiff had been driving at between twenty-five and thirty miles per hour. When he arrived at a point about sixty feet east of the intersection, however, he reduced his speed to fifteen to twenty miles per hour. Shortly before he entered the intersection, when he saw the defendant driving into it without stopping, he applied his brakes with sufficient force to leave marks about twenty-five feet

in length. The cars collided in the intersection, the front end of the plaintiff's car coming into contact with the rear portion of the defendant's right front fender.

The defendant claims that the plaintiff was negligent in three particulars: (1) in driving his car at a speed in excess of the city regulations, (2) in not having his car under reasonable control, and (3) in failing to yield to the defendant the right to proceed through the intersection. There is nothing in the evidence to support her contention that the plaintiff did not have his car under reasonable control except as that might follow from her claim of excessive speed. We will, therefore, consider only particulars (1) and (3).

The defendant's claim that the plaintiff was driving at an excessive speed rests upon a city regulation which limits speed to twenty-five miles an hour and which, it was apparently conceded on the trial, was in force at the time. The burden of proof of contributory negligence is upon the defendant. General Statutes § 7836. Accordingly, it was incumbent on the defendant to prove that the plaintiff had violated the regulation and that his violation of it was a proximate cause of the collision. For proof of the speed at which the plaintiff was operating, the defendant relied on a statement claimed to have been made by the plaintiff to a police officer and on circumstantial evidence. The police officer testified that the plaintiff told him at the scene of the accident that he had been driving at thirty miles per hour. If we assume that the jury believed this testimony, it was reconcilable with the plaintiff's own testimony that he had been driving at that speed but had reduced his speed to twenty miles an hour sixty feet before he reached the intersection. Whatever his speed had

been at a point more than sixty feet from the intersection, it was not necessarily a proximate cause of the collision.

The circumstantial evidence relied upon by the defendant was the brake marks twenty-five feet long. Citing *Mlynar* v. *A. H. Merriman & Sons, Inc.*, 114 Conn. 647, 650, 159 A. 658, the defendant says that this evidence demonstrated conclusively the untruthfulness of the plaintiff's testimony that he had reduced his speed to fifteen to twenty miles an hour before he applied his brakes. Since evidence was lacking as to the braking distance of the plaintiff's car at a speed of fifteen or twenty miles per hour, the length of the brake marks could not be conclusive that the plaintiff's testimony was untrue. See *Gilbert* v. *Lundgren Fuel Co.*, 136 Conn. 228, 230, 69 A.2d 829. It follows that there was no evidence in the case which the jury were bound to accept as refuting the plaintiff's own testimony as to his speed. The speed at which the plaintiff testified he was driving for sixty feet before he reached the intersection was not violative of the municipal regulation. His speed before that might reasonably have been found to be a remote, and not a proximate, cause of the collision.

Moreover, it would not necessarily follow that the plaintiff was negligent as a matter of law even if the jury had been compelled to find that the speed of his car was greater than that prescribed by the regulation. The statute which authorizes such regulations (General Statutes § 2407) provides that a speed in excess of that established by the traffic authority of a city shall be only prima facie an unreasonable speed. It is still an open question for the jury to decide whether, in any given case, it is actually unreasonable under all the circumstances. *Radwick* v. *Goldstein*, 90 Conn. 701, 707, 98 A. 583.

The remaining claim of the defendant is that the plaintiff was negligent in failing to yield to her the right to proceed. See *Peckham* v. *Knofla,* 130 Conn. 646, 651, 36 A.2d 740; *Jackson* v. *Brown,* 106 Conn. 143, 146, 137 A. 725. The right to proceed through an intersection is to be distinguished from the right of way at an intersection. In the present case the defendant was approaching the intersection from the plaintiff's left. In this situation the plaintiff had the right of way in the intersection if the two cars were approaching the intersection at approximately the same time. *Vecchiarelli* v. *Weiss,* 137 Conn. 660, 663, 81 A.2d 123. Even if the defendant had stopped at the stop sign, she would have had the right to proceed through the intersection only if a reasonably prudent person in her place would have believed that she could safely do so without involving the risk of a collision with the plaintiff's car. *Neumann* v. *Apter,* 95 Conn. 695, 701, 112 A. 350; *Peckham* v. *Knofla,* supra. Upon the evidence, the jury might reasonably have concluded that the two automobiles were approaching the intersection at approximately the same time and that, therefore, the plaintiff had the right of way and the defendant had no right to proceed.

Upon the whole case, the jury might well have reasoned that the plaintiff had been proceeding at a reasonable speed; that he had the right to assume both that the defendant would stop at the stop sign and that she would yield him the right of way; that, when he first could have observed that the defendant was not going to yield him the right of way, he was faced with a sudden emergency not of his own making and that then he did all that could reasonably have been expected to avoid the collision. If the jury so concluded, they were warranted in their further conclusion that the plaintiff was free from contribu-

tory negligence. The trial court, therefore, acted properly in denying the motion to set aside the verdict.

There is no error.

In this opinion the other judges concurred.