STATE OF CONNECTICUT *v.* MONROE S. GORDON

O'SULLIVAN, C. J., BALDWIN, WYNNE, DALY and KING, Js.

Argued May 9—decided May 28, 1957

*Jerome Hershey,* for the appellant (defendant).

*George R. Tiernan,* prosecuting attorney, for the appellee (state).

DALY, J. In his appeal from a conviction of speeding the defendant claims, in effect, that the court erred as a matter of law in reaching the conclusion that he violated the applicable statute, § 2407 of the General Statutes.

The finding discloses the following undisputed facts: On April 9, 1956, at dawn, about 4:45 a.m., the defendant, while alone in his 1956 Chrysler New Yorker automobile, was operating it in a southerly direction on the Wilbur Cross Parkway. His car, equipped with power brakes, power steering and puncture proof tires, was three months old and had been driven about 8000 miles. During the time he was driving it from a point in Meriden at or near the entrances to route 5 and the truck route to a place just south of the route 5 exit in Wallingford, a distance of from six to seven miles, he passed three cars and the speed of his car was clocked by a state police officer at seventy to seventy-five miles per hour. The officer was driving a 1955 Ford. Its speedometer had not functioned properly during a short period in December, 1955, and was not tested or calibrated between December, 1955, and April 19, 1956. The weather was fair. Traffic was light. Visibility was good. The highway was dry. The posted speed limit for vehicles traveling on the Wilbur Cross Parkway is fifty-five miles per hour. The

lane of the parkway upon which southbound vehicles travel is twenty-six feet wide. The defendant traveled on the parkway daily, except Sundays, leaving his home in New Britain at 4 a.m. and arriving at the place where he worked in New Haven at approximately 5:30 a.m. He had driven automobiles since 1923.

The trial court concluded that the defendant operated a motor vehicle upon a public highway of this state at a rate of speed greater than was reasonable, having regard to the width, traffic and use of the highway, the intersection of streets and the weather conditions, in violation of § 2407 of the General Statutes, the relevant provisions of which are printed in the footnote.[1] Each of the two sentences contained in subsection (a) of the statute clearly states a separate interdict. The first prohibits the operation of a motor vehicle "at a rate of speed greater than is reasonable." The second forbids the operation of a motor vehicle "at such a rate of speed as to endanger the life of any occupant of such motor vehicle." The defendant contends that the facts found

---

[1] "Sec. 2407. SPEEDING. (a) No person shall operate any motor vehicle upon any public highway of the state at a rate of speed greater than is reasonable, having regard to the width, traffic and use of the highway, the intersection of streets and the weather conditions. The operation of a motor vehicle upon any highway at such a rate of speed as to endanger the life of any occupant of such motor vehicle, but not the life of any other person than such an occupant, shall constitute a violation of the provisions of this section. (b) The state traffic commission may determine speed limits which are reasonable and safe on any trunk line, state aid highway, bridge or parkway, except the Merritt parkway, built or maintained by the state, and may erect or cause to be erected signs indicating such speed limits. . . . The presence of such signs adjacent to or on the highway shall be prima facie evidence that they have been so placed under the direction of and with the approval of the state traffic commission. . . . Any speed in excess of such limits shall be prima facie evidence that such speed is not reasonable . . . ."

do not support the court's conclusion that he operated a motor vehicle at a speed greater than was reasonable, thus committing the offense defined in the first sentence of subsection (a) of the statute. This claim is without merit.

In addition, the defendant asserts that the provision in the statute that "[a]ny speed in excess of such limits shall be prima facie evidence that such speed is not reasonable" does not prohibit, under all conditions, speed in excess of that specified and that, as a matter of law, the court could not, in view of all the circumstances in this case, conclude that he was guilty beyond a reasonable doubt. Nevertheless, he concedes, as he must, that the mere operation of a motor vehicle at a speed greatly in excess of the posted speed could, under any conditions, constitute a violation of the statute. The degree of excess of speed over the posted limit is an important factor to be considered by the trier in determining whether, under all the circumstances, a motor vehicle has been operated at a speed greater than was reasonable. It is an open question for the trier to decide whether, in any given case, the speed is actually unreasonable under all the circumstances. *Clement* v. *Del Vecchio*, 140 Conn. 274, 277, 99 A.2d 123. The defendant not only operated his automobile at a speed fifteen to twenty miles per hour in excess of the limit but, while doing so, passed three cars. We cannot say that the court erred in concluding that the defendant operated his motor vehicle at a speed greater than was reasonable.

There is no error.

In this opinion the other judges concurred.