STATE OF CONNECTICUT *v.* GENE R. TORNATORE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 1-893

Argued April 3—decided September 6, 1961

*Everett P. Sherwood,* of Stamford, for the appellant (defendant).

*George F. Carroll, Jr.,* assistant prosecuting attorney, for the appellee (state).

TUNICK, J. In this appeal from a conviction for speeding, the essential question is whether the court

erred as a matter of law in concluding upon all the evidence that the defendant was guilty of the crime charged beyond a reasonable doubt.

No findings were requested of the trial court, and the appeal was presented to this court on the basis of the evidence appearing in the transcript. From the testimony and certain judicial admissions of the defendant in a second count to the complaint, the trial court could have reasonably found the following facts: On February 10, 1961, at about 10:10 p.m., the defendant, aged eighteen years, was driving a 1950 Ford sedan automobile in a westerly direction on the Connecticut turnpike in the town of Westport. In the car were five other passengers who were returning with the defendant from a high school basketball game. As the defendant cut from the left lane to the center lane to pass another automobile, a Corvair automobile cut off the automobile of the defendant and forced it partially off the left-hand westerly bound lane and momentarily on to the center, grassy area. The defendant became upset and decided to pursue the Corvair in order to obtain its license number, and for this purpose increased his speed because the Corvair was going faster than he had been going and it "was going like there was no limit." A state police officer clocked the defendant at seventy-five miles an hour over a distance of one and one-quarter miles, and observed the defendant's vehicle cut from the left lane to the center lane and back to the left lane. The posted speed limit for the Connecticut turnpike over the clocked distance is sixty miles an hour. Traffic was light to medium, the area was rural, weather was good and the highway was dry. It was dark with overhead illumination, and visibility was clear. The turnpike is a three-lane highway, in a westerly direction, with one intersection or exit within the distance over which the defendant was clocked.

The speeding statute (General Statutes § 14-219) provides that no person shall operate any motor vehicle on any public highway "at a rate of speed greater than is reasonable, having regard to the width, traffic and use of the highway, the intersection of streets and the weather conditions." The statute empowers the state traffic commission to "determine speed limits which are reasonable and safe" and to erect "signs indicating such speed limits," and provides further that "[a]ny speed in excess of such limits shall be prima facie evidence that such speed is not reasonable." The sole question in this case is whether the trial court properly concluded that the speed in this case was greater than was reasonable and was, therefore, a violation of the statute.

The defendant contends that he successfully rebutted the state's prima facie case by offering evidence of favorable conditions and provocation justifying the speed. He claims further that it thereupon became the burden of the state to establish beyond a reasonable doubt that all of the conditions referred to in the statute were not favorable for traveling in excess of the posted speed limit.

As the evidence indicates, the defendant was able to show that the road was a three-lane highway in the direction of travel; the road was dry; traffic was light to medium; and the visibility was good. These conditions were generally favorable to the defendant, but they do not have the effect, as a matter of law, claimed by the defendant. Such an interpretation of the statute would obviously place upon the state a greater burden than was ever intended. The defendant, although he denied traveling at seventy-five miles an hour, admitted that he had been traveling at speeds of fifty-five to sixty miles an hour when he increased his speed in order to pursue, and to get close enough to obtain the license

number of, the car which had cut him off. The defendant claims that he was justifiably provoked by the latter incident, but no legal justification can be found to excuse, or to determine as reasonable, the defendant's excessive speed. *State* v. *Carroll,* 131 Conn. 224; *Sims* v. *Smith,* 115 Conn. 279, 282.

The determination of the credibility of the witnesses and the weight to be given to the testimony of each witness are the exclusive function of the trial court; and, with its opportunity to observe the witnesses on the stand, its conclusion is rarely disturbed. *State* v. *Coulombe,* 143 Conn. 604, 607. The court is entitled also to draw all fair and reasonable inferences from the facts and circumstances it finds established by the evidence. *State* v. *McDonough,* 129 Conn. 483, 486.

*State* v. *Gordon,* 144 Conn. 399, is the most recent case decided by the Supreme Court of Errors on the question raised in this appeal. The court said (p. 402): "Nevertheless, he [the defendant] concedes, as he must, that the mere operation of a motor vehicle at a speed greatly in excess of the posted speed could, under any conditions, constitute a violation of the statute. The degree of excess of speed over the posted limit is an important factor to be considered by the trier in determining whether, under all the circumstances, a motor vehicle has been operated at a speed greater than was reasonable. It is an open question for the trier to decide whether, in any given case, the speed is actually unreasonable under all the circumstances." See also *Radwick* v. *Goldstein,* 90 Conn. 701, 707.

It may be concluded from the *Gordon* case, supra, that although the test is one of reasonableness of speed under the conditions, in determining reasonableness a most important consideration is that the state traffic commission is presumed to have fixed

reasonable and safe speeds under favorable conditions. There is a prima facie presumption that driving at a rate of speed exceeding the posted speed limit is not reasonable, and this is a material factor in considering the application of the speeding statute. Accordingly, in this case, as in the *Gordon* case, supra, proof of favorable conditions is effective neither to rebut, as a matter of law, the state's prima facie case nor to constitute, as a matter of law, a defense to a prosecution under § 14-219 of the General Statutes. We cannot say that, under these circumstances, the court erred in concluding that the defendant operated a motor vehicle upon a public highway of this state at a rate of speed greater than was reasonable, having regard to the width, traffic and use of the highway, the intersection of streets and weather conditions, in violation of § 14-219 of the General Statutes.

There is no error.

In this opinion Rubinow, Chief Judge, and Pruyn, J., concurred.