STATE OF CONNECTICUT *v.* HERBERT L. SIMON

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. MV 1-23290

Argued April 6—decided June 26, 1964

*Sidney Vogel,* of Norwalk, for the appellant (defendant).

*George F. Carroll, Jr.,* assistant prosecuting attorney, for the appellee (state).

LEVINE, J. The defendant was tried to the court and convicted of speeding in violation of § 14-219 of the General Statutes. In his appeal, he makes six assignments of error with respect to the finding and a seventh assignment of error in the conclusion upon all the evidence that he was guilty of the crime charged beyond a reasonable doubt. We have stated frequently that it is unnecessary to consider the assignments of error addressed to the finding where the general assignment of error of guilt beyond a reasonable doubt upon all the evidence is made.

The facts may be summarized as follows: On July 10, 1963, at 7:53 a.m. the defendant was clocked by

radar at forty-six miles per hour on route 1 between Westport and Norwalk; the radar apparatus had been duly tested; the area is industrial and business and is posted at thirty-five miles per hour; the road is approximately fifty-eight feet wide, including the shoulders, is of blacktop construction with two lanes of traffic moving in each direction, and is divided by a center double white line; the road was dry, weather conditions were good, and there are four intersecting streets controlled by stop signs in the area of the "clock." The officer in charge of the radar apparatus testified that traffic was "medium" in both directions, and he interpreted "medium" to be a large number although he could not give an exact count of the vehicles using the highway. From the radar graph recording, which was an exhibit, the officer concluded that twenty cars passed in both directions in a period of two minutes.

"It is an open question for the trier to decide whether in any given case, the speed is actually unreasonable under all the circumstances." *State* v. *Gordon,* 144 Conn. 399, 402. The degree of excess of speed over the posted limit is an important factor to be considered by the trier in determining whether, under all the circumstances, a motor vehicle has been operated at a speed greater than was reasonable. Ibid. Under the statute, speed in excess of the posted speed limit is a prima facie violation of the statute, requiring the defendant to present a defense. The defendant, in his brief, argues that the conditions enumerated in the statute, width, traffic, use of the highway, the intersection of streets and the weather conditions, must all be such as to make the speed unreasonable. This is not the rule laid down by our Supreme Court of Errors in *State* v. *Gordon,* supra. All of the circumstances enumerated must be taken into consideration, but it is not required that all of them be other than reasonable at

the time of the alleged violation. It is for the trier to determine under all of these circumstances, some of which may be favorable to the defendant, whether or not the speed was greater than was reasonable at the time. In the instant case the traffic was "medium." The highway had only a line, not a median divider, to divide the opposing direction of travel. Its width was some fifty-eight feet, including the shoulders, for four lanes of traffic, and there were four intersecting streets controlled by stop signs. The weather conditions were described as good. We cannot say that the conclusion of the trier, upon all the evidence and upon all the circumstances related, was wrong or so lacking in reason that it should be overruled.

There is no error.

In this opinion Kosicki and Kinmonth, Js., concurred.