STATE OF CONNECTICUT *v.* SIDNEY VOGEL

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 10-32554

Argued April 25—decided July 15, 1966

*Sidney Vogel,* of Wilton, pro se, the appellant (defendant).

*John R. FitzGerald,* assistant prosecuting attorney, for the appellee (state).

KOSICKI, J.   On August 17, 1965, the defendant was issued a summons for speeding on the Connecticut Turnpike in the town of Waterford, in violation of § 14-219 of the General Statutes.  The jury could reasonably have found the following facts:  At the time of the arrest, the defendant was operating his automobile on a multiple-lane limited-access highway.  On that date, between the hours of one and two in the afternoon, a radar speed recording device was set up by the state police, in the town of Westbrook, recording the speed of motor vehicles traveling easterly on the turnpike.  On the same day, a similar police radar device was in operation at a point one-half mile west of an overpass, known as Millers Pond Road, in the town of Waterford, to record the speed of motor vehicles traveling easterly on the turnpike.  Both sets were properly tested for accuracy before and after the events described herein took place.  At about 1:44 p.m. of that day, the defendant drove his automobile through the radar zone in Westbrook at a speed of seventy-two miles per hour.  He was stopped and given a summons for speeding.  Later, at about 2:08 p.m., while traveling on the turnpike through Waterford, his motor vehicle recorded a speed of seventy-three miles per hour on the police radar instrument there located.  As a result of a message from the radar operator, he was stopped by a chase car in Montville, four miles east of Waterford.  The defendant was then given a summons for speeding in Waterford.

The defendant moved to correct the finding by adding thereto a paragraph containing an arithmetical computation based upon the approximate distance of twenty miles between Westbrook and Waterford and the recorded speeds of seventy-two

and seventy-three miles an hour and leading to the conclusion that the "constant speed required to traverse a distance of approximately 20 miles going easterly on the Connecticut Turnpike in twenty-four minutes is 50 miles per hour." The court's denial of this motion was correct. Nowhere does it appear as an admitted or undisputed fact that the speed at which the defendant traveled was constant or that there were no interruptions in the course of his travel. These were questions of fact for the jury to determine upon the evidence. They cannot be raised as abstract propositions on appeal. The measure of speed is for the trier to decide upon the evidence presented on trial. *State* v. *Gordon,* 144 Conn. 399, 402. The jury's duty was to ascertain the speed at which the defendant was moving through the radar zone in Waterford. By their verdict, the jury must necessarily have decided that the defendant's speed was in excess of seventy miles per hour, which is the maximum permissible speed on the turnpike. § 14-219 (a) (2).

Before the defendant was put to plea, he filed a written motion to dismiss the information on the ground that he had pled guilty and was sentenced in the Circuit Court, ninth circuit, on the charge of failure to obey state traffic commission signs at Westbrook; § 14-298;[1] and that the present information placed him in double jeopardy. Upon a hearing before the court, in the absence of the jury, the motion was denied and exception duly taken. The defendant then entered a plea of not guilty, with a

[1] We do not decide whether § 14-298 is a penal statute or merely an administrative directive empowering the state traffic commission and local traffic authorities to establish and maintain regulatory signals, signs, and devices. The parties and the court in the ninth circuit disposed of the case on the theory that the prosecution was valid, and the defendant, who is a competent attorney, raised no objection. The question is not before us on this appeal.

"supplemental plea" claiming former jeopardy as he had alleged in his motion to dismiss.

In his assignment of errors, the defendant asserts that the court erred (1) in denying the motion to dismiss on grounds of double jeopardy; (2) in ruling that there were two separate and distinct offenses, one occurring in Westbrook and the other in Waterford; (3) in refusing to find the travel time and traversed distance between Westbrook and Waterford as requested in the defendant's motion to correct; (4) in failing to instruct the jury on double jeopardy as set forth in the "supplemental plea"; and (5) in failing to include in the finding three paragraphs of the draft finding relating to rulings on evidence. The third assignment we have ruled on above and no further comment is necessary. As to the last assignment, it does not conform with the procedure established under our rules, which require that each assignment of error in the admission or rejection of evidence shall be separately numbered and shall refer to an exhibit which shall be annexed and shall set forth the question, the objection, the answer, if any, and the exception. Practice Book §§ 1006 (4), 989 (4). We shall, therefore, not consider this assignment.

The first and second assignments of error form the spearhead of the defendant's attack on the verdict and judgment. Concisely, his claims are that the two arrests which occurred and the subsequent convictions were not for two separate and distinct offenses but for one continuing offense; that the second offense became merged in the first; and that the case before us should have been dismissed because it unlawfully exposed the defendant to more than one jeopardy. *Kohlfuss* v. *Warden,* 149 Conn. 692, 695.

In presenting this postulate, the defendant relies chiefly on the rule laid down in *State* v. *Licari,* 132 Conn. 220. In that case the defendant was charged in the Court of Common Pleas upon an information containing seven counts, of which only three were subject to review. These three counts charged the defendant with operating an automobile in the town of Woodbridge while under the influence of intoxicating liquor, with driving over the highways in Woodbridge recklessly, and with obstructing, resisting and abusing certain police officers in Woodbridge. The defendant had pled in bar, alleging that starting in New Haven he drove his car continuously for five miles in New Haven and three miles in the adjoining town of Woodbridge, that he was arrested and convicted on the same charges in the New Haven City Court, and that, because of the proceedings in the City Court, his prosecution in the Court of Common Pleas would constitute double jeopardy. The Supreme Court, in holding that prosecution under the first count constituted double jeopardy, said (p. 223): "In *Blockburger* v. *United States,* 284 U.S. 299, 302, . . . two statements from 1 Wharton, Criminal Law (11th Ed.), § 34, and the note thereto, are incorporated as follows: '. . . when the impulse is single, but one indictment lies, no matter how long the action may continue. If successive impulses are separately given, even though all unite in swelling a common stream of action, separate indictments lie . . . The test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately . . . If the latter, there can be but one penalty.' In *United States* v. *Midstate Co.,* 306 U.S. 161, 166, . . . a definition given in the opinion of the Circuit Court of Appeals in the same case is approved: 'A continuing offense is a continuous, unlawful act or series of acts set on foot by

a single impulse and operated by an unintermittent force, however long a time it may occupy.'" See *State* v. *Benson,* 153 Conn. 209; *State* v. *Palkimas,* 153 Conn. 555. It is to be noted that this ruling was specifically excluded as to the other two counts because there was nothing in the record that there had been continuity of action from some point in Woodbridge to some point in New Haven.

In the present case, we are of the opinion that the defendant's claim of continuous action is untenable. By his own admission, he was stopped in Westbrook and given a summons for speeding. He was later presented in the Circuit Court in the ninth circuit on a different charge, violation of § 14-298, pled and was found guilty and was sentenced to a fine. It would be a stultification in reasoning to assert that his arrest twenty-four minutes later and twenty miles farther and a subsequent conviction for speeding were a continuation of the earlier offense. This contention of the defendant is tantamount to saying that once a person is arrested for the commission of a crime he may thereafter, and while on the same journey or course of action, commit the same crime again with immunity from prosecution.

The essentials to sustain a plea of former jeopardy may be stated as follows: (1) There was a former prosecution for the same offense; (2) the same person was in jeopardy on the first prosecution; (3) the parties are identical in the first and subsequent prosecutions; (4) the offense on the prosecution of which the jeopardy attached was such an offense as to constitute a bar. *State* v. *Bacom,* 159 Fla. 54; note, 172 A.L.R. 1053. Where, as in this case, the prosecution in the former case was on a charge different from that in the subsequent prosecution, although arising out of the same or a contemporaneous event, the defendant cannot plead

the former prosecution or conviction as a defense of double jeopardy. *State* v. *Camera,* 132 Conn. 247, 249 (ordinance, passing trolley car; and statute, reckless driving). If, however, the state elects to proceed on only one charge, alleging an offense as having been committed on or about a certain date, and evidence is introduced that the same kind of offense was committed on other dates, then a plea of jeopardy, interposed in the event of another prosecution for one of those offenses, would be valid. *State* v. *Horton,* 132 Conn. 276, 278 (statutory rape) ; see *State* v. *Benham,* 7 Conn. 414.

"[W]here the same act combines the necessary elements of two or more distinct offenses, the difference not being merely one of degree, prosecution for one will not bar prosecution for another, . . . and if the offenses are distinct in law it is immaterial how near they may be in fact." *State* v. *Andrews,* 108 Conn. 209, 215; *State* v. *Fico,* 147 Conn. 426, 430; *State* v. *DelVecchio,* 149 Conn. 567, 577 (*Andrews,* driving recklessly and under influence; *Fico* and *DelVecchio,* policy playing and pool selling). "The offenses of indecent assault and impairing the morals of a minor are not differing degrees of the same crime. They are distinct in law." *State* v. *Silver,* 139 Conn. 234, 244. There could be no merger of the two offenses here involved because they were not identical nor includible one in the other, and both were misdemeanors. *State* v. *Andrews,* supra, 214-16.

By his arraignment in the present case, the defendant was not placed in double jeopardy. The former offense of which he was convicted was separate and distinct from the one on which he was found guilty in the present case. Under the circumstances of this case, the question of double jeopardy was one of law, and no issue of fact (such as identity

of person; *State* v. *Bacom,* supra) remained for presentation to the jury. See *Short* v. *United States,* 91 F.2d 614, 620; *State* v. *Coolack,* 17 N.J. Super. 192; *People* v. *Smith,* 172 N.Y. 210.

There is no error.

In this opinion DEARINGTON and KINMONTH, Js., concurred.